**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHARLES A. FOSTER**                                                                    **PLAINTIFF**

**v.**                                              **Case No: 4:25-cv-00369-KGB**

**SOCIAL SECURITY ADMINISTRATION,**
*Commissioner*                                                                          **DEFENDANT**

## ORDER

Before the Court are United States Magistrate Judge Edie R. Ervin's Recommended Disposition ("Recommendation") (Dkt. No. 14) and plaintiff Charles A. Foster's motion for leave to file supplemental notice (Dkt. No. 16). Foster filed objections to the Recommendation and requested a *de novo* review of the record (Dkt. No. 15), and defendant Commissioner of the Social Security Administration ("Commissioner") responded to those objections (Dkt. No. 17). After conducting a *de novo* review of the record, including but not limited to the Recommendation, the objections, and the motion for leave to file supplemental notice, the Court adopts the Recommendation in its entirety as this Court's findings in all respects. The Court writes separately to address Foster's objections.

### I.    Background

On April 6, 2021, Foster applied for disability insurance benefits under Title II of the Social Security Act of 1935, 42 U.S.C. § 401, *et seq.* ("Social Security Act") (Dkt. No. 14). Foster alleged that he had a disability beginning on June 1, 2016 (*Id.*). On July 23, 2024, an administrative law judge ("ALJ") issued a decision finding that Foster was not disabled under the Social Security Act from June 1, 2016, through December 31, 2021, the date last insured (*Id.*). Foster appealed the ALJ's decision, and the appeal was denied (*Id.*). The ALJ's decision, therefore, became the final

decision of the Commissioner (*Id.*).  Foster then filed this action pursuant to 42 U.S.C. § 405(g) (Dkt. No. 1).

After reviewing the evidence, Judge Ervin entered her Recommendation, recommending that the Court affirm the ALJ's decision and enter judgment in favor of the Commissioner (Dkt. No. 14).  Foster objected (Dkt. No. 15), and the Commissioner replied to the objection (Dkt. No. 17).

Foster specifically objects on ten grounds, which the Court understands as the following: (1) the Recommendation misstates Foster's education and work history; (2) the Recommendation overlooks the Commissioner's violation of 20 C.F.R. § 404.1512(b)(1)(i)–(ii); (3) the ALJ and Recommendation ignored Foster's Veteran Affairs ("VA") rating; (4) the Recommendation ignored Foster's post-traumatic stress disorder ("PTSD") packet; (5) the Recommendation failed to address DSM-5 diagnostic requirements; (6) the Recommendation ignores that "DDS" interfered with Foster's ability to submit PTSD evidence; (7) the ALJ failed to order "required consultative examinations"; (8) the residual functional capacity assessment made by the ALJ is not supported by any medical evidence; (9) the vocational expert testimony was based on incomplete hypotheticals; and (10) the Recommendation failed to address Foster's combined impairments (Dkt. No. 15).

## II.    Legal Framework

A person's disabled status under the Social Security Act is considered using a five-step sequential analysis:  (1) if the individual is doing substantial gainful activity, he will not be found to be disabled; (2) if the individual does not have either a severe medically determinable physical or mental impairment that meets a duration requirement or a combination of severe impairments meeting a duration requirement, he will not be found to be disabled; (3) if the individual's severe

impairment meets or equals a listed impairment, he will be found to be disabled; (4) if the individual can still do his past relevant work, he will not be found to be disabled; and (5) if, based on the individual's residual functional capacity, age, education, and work experience, the individual can make an adjustment to other work, he will not be found to be disabled.  20 C.F.R. § 404.4520(a)–(g); 20 C.F.R. § 416.920(a)–(g).  If a claimant's impairment does not meet or equal a listed impairment at step three, the ALJ must determine a claimant's residual functional capacity which will be used in step four and five.  20 C.F.R. § 404.1520(e); *see also Social Security Ruling 96-8P.*

In reviewing an ALJ's decision, the Court examines "whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  The factual findings by the Commissioner are conclusive, so long as they are supported by substantial evidence.  42 U.S.C.S. § 405(g); *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  Substantial evidence in this context means less than a preponderance but more than a scintilla.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).  In other words, it is enough that "a reasonable mind would find it adequate to support the [Commissioner's] decision." *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  In assessing whether substantial evidence exists, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  The Court cannot reverse the Commissioner's decision merely because substantial evidence may also support an opposite conclusion.  *Slusser*, 557 F.3d, at 925.

III.    Discussion

     A.    Objection 1

Foster objects that the Recommendation incorrectly identifies his work history as "chemical engineer" instead of chemical engineering technician and incorrectly states his education as "engineering" instead of an Associate of General Studies from Pike's Peak Community College (Dkt. No. 15). First, during the hearing, the vocational expert ("VE") characterized Foster's work at the Pine Bluff Arsenal as "chemical engineer" (Dkt. No. 14, at 2). Foster did not object to that characterization at the hearing and, therefore, waived an objection now. *See Fetting v. Kijakazi*, 62 F.4th 332, 337–38 (7th Cir. 2023) (holding that to preserve objections to the VE's testimony for appeal, the claimant must object at the hearing or in a post-hearing brief). Second, the Recommendation states that Foster has an "associate degree," which is consistent with the record and simply leaves off the school's name (*Id.*). Any error Foster alleges here is harmless. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (holding an error is harmless when the claimant fails to "provide some indication that the ALJ would have decided differently if the error had not occurred."). Foster's objection fails to rebut the Recommendation.

### B.    Objections 2 And 3

Foster complains that the Recommendation overlooks the Commissioner's alleged violation of 20 C.F.R. § 404.1512(b)(l)(i)-(ii), which governs its responsibility to develop his medical history in making a disability determination (Dkt. No. 15). Foster contends that the ALJ and the Recommendation failed to consider his 17 VA documented impairments (Dkt. No. 15, at 3). Additionally, Foster asserts that the ALJ ignored his VA disability rating (*Id.*). The ALJ did find that Foster had "severe impairments during the insured period" and noted that Foster had "been seen for his conditions and prescribed medication" (Dkt. No. 7-2, at 75). The ALJ specifically cited to the VA record exhibits (*Id.*). The record is clear that the ALJ considered the VA documented impairments and found no disability based on his conservative treatment for the

4

impairments (*Id.*).   Nothing further was required.   Foster's objections fail to rebut the Recommendation.

### C.    Objections 4 And 5

Foster complains that the ALJ and Recommendation ignored "Exhibit 55E-Plaintiff's PTSD Packet" and that the Recommendation fails to address "DSM-5 PTSD criteria" (Dkt. No. 15).  "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."  *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).  Moreover, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.*  Here, the ALJ and Recommendation found that the medical records indicate Foster "suspects he may have PTSD related to military service" and that "he also indicates some PTSD symptoms" (Dkt. No. 14, at 6).  The treatment records note that "PTSD symptoms and substance abuse interfere with appropriately expressing feelings/behaviors which lead to [an] improved quality of life" (*Id.*).  A September 29, 2021, screening indicated a positive screen "for PTSD in the past month," but it also noted that further assessment and testing was needed (*Id.*).  Given the ALJ and Recommendation's specific references to findings concerning PTSD, the Court finds it "highly unlikely that the ALJ did not consider and reject" Foster's PTSD packet or that his PTSD symptoms met the DSM-5 requirements.  *Wildman*, 596 F.3d at 966.  Foster's objections fail to rebut the Recommendation.

### D.    Objection 6

Foster objects that the "DDS" interfered with his submission of PTDS evidence in violation of his due process rights (Dkt. No. 15).  However, "[i]n order to succeed on a due process claim, [Foster] must prove that he was actually prejudiced by the lack of process afforded to him." *Briones–Sanchez v. Heinauer*, 319 F.3d 324, 327 (8th Cir. 2003).  Foster's conclusory statements

fail to allege or establish the required prejudice to state a due process claim.  Foster's objection fails to rebut the Recommendation.

### E.    Objection 7

Foster complains that the ALJ failed to order required consultative examinations under 20 C.F.R. § 404.1519a(b) (Dkt. No. 15).  "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) (citation modified); *see also Darris v. Saul*, No. 3:20-cv-42 (BSM/JTR), 2020 WL 5543346, at *2–3 (E.D. Ark. Sept. 16, 2020) (reversing an ALJ's decision because he failed to order a consultative examination when state agency medical consultant opined that a consultative examination was "required for proper evaluation of [plaintiff's] application for benefits").  However, when an ALJ's Decision is supported by substantial evidence in the record without an additional consultative examination, it follows that the examination was not necessary and the ALJ did not err.  *See Admaczyk v. Saul*, 817 F. App'x 287, 290 (8th Cir. 2020) (affirming ALJ's decision to deny request for additional consultative examination because substantial evidence in the record supported the ultimate decision); *Byes*, 687 F.3d at 916.  Here, nothing in the record indicates that Foster requested a consultative examination during the case or that any such request was denied.  Further, substantial evidence supports the ALJ's decision, so no consultative examination was required.  Foster's objection fails to rebut the Recommendation.

### F.    Objection 8

Foster objects to the ALJ's residual function capacity ("RFC") determination because, Foster contends, it "is unsupported by any medical evidence" (Dkt. No 15).

An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment— and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, Foster is responsible for providing evidence relating to his RFC, and the Commissioner is responsible for developing the "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [Foster] get medical reports from [his] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

The Court agrees with Judge Ervin's finding that "the record clearly shows that the ALJ analyzed 'the entire record' and 'all the evidence' when evaluating Mr. Foster's impairments, which were 'considered singly and in combination'" (Dkt. No. 14 at 8). Foster disagrees with the determination; however, the record indicates that the ALJ fulfilled his duty by thoroughly analyzing the evidence Foster provided. Foster's objection fails to rebut the Recommendation.

### G.    Objection 9

Foster contends that the VE testimony was based on incomplete hypotheticals (Dkt. No. 15). Essentially, Foster is complaining that the ALJ did not include every alleged impairment in the hypotheticals. However, an ALJ is "not required to ask the vocational expert hypotheticals

addressing . . . limitations [that] were [deemed] not credible." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018).  An ALJ should include "only those impairments and limitations he found to be supported by the evidence as a whole in his hypothetical to the vocational expert." *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011).  Here, the record demonstrates that the ALJ's hypotheticals properly included only the impairments that the ALJ believed were credible and supported by the evidence.  Foster's objection fails to rebut the Recommendation.

### H.     Objection 10

Foster objects to the Recommendation because he argues that it and the ALJ failed to analyze his combined impairments (Dkt. No. 15).  As previously discussed, that is not the case.  The ALJ did what was required by law.  The ALJ listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Foster was not disabled.  *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).  Foster's objection fails to rebut the Recommendation.

### IV.     Foster's Motion To File Supplemental Notice

On November 11, 2025, Foster filed a motion for leave to file a supplemental notice (Dkt. No. 16).  Attached to the motion is the supplemental notice that Foster seeks leave to file (*Id.*, at 2).  In the notice, Foster complains that he had no online access to view his case and had to travel from his home to the courthouse several times to view documents filed in his case (*Id.*).  Foster explains that he submitted the notice to provide context for any procedural or timing issues that might arise in the case (*Id.*).  The Court has considered this filing in reaching its conclusion in this case.

Upon review of the case docket, the Court finds no issues with the timeliness of any pleading. Foster suffered no prejudice within his case resulting from the alleged inconvenience. Further, for the reasons previously articulated, the Court now adopts the Recommendation and dismisses Foster's complaint with prejudice. Accordingly, Foster's motion for leave to file a supplemental notice is denied as moot (*Id.*).

**V.     Conclusion**

For the foregoing reasons, the Court:

(1)     adopts the Recommendation in its entirety (Dkt. No. 14);

(2)     affirms the final decision of the Commissioner;

(3)     dismisses Foster's complaint with prejudice (Dkt. No.1); and

(4)     denies as moot Foster's motion for leave to file a supplemental notice (Dkt. No. 16).

It is so ordered this 8th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge